IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WALLACE BOSWELL, )
)
       Plaintiff, )
)
v. ) Case No. CIV-16-234-RAW-KEW
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Wallace Boswell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 57 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a truck driver, delivery driver, and refueler. Claimant alleges an inability to work beginning October 26, 2011 due to limitations resulting from depression, anxiety, phobias, mental issues, non-insulin dependent diabetes mellitus, hypertension, hypothyroidism, and obesity.

**Procedural History**

On April 5, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On August 4, 2014, Administrative Law Judge ("ALJ") Lantz McClain conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma.  On December 17, 2014, the ALJ issued an unfavorable decision.  On April 4, 2015, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work.  He also found Claimant could perform a full range of medium work at step five.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching a "corrupted" RFC; (2) reaching conclusions regarding Claimant's

mental impairments which "do not compute"; and (3) failing to perform a proper analysis at step four.

### RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of non-insulin dependent diabetes mellitus, hypertension, hypothyroidism, and obesity. (Tr. 16). The ALJ concluded that Claimant retained the RFC to perform a full range of medium work. In so doing, he found Claimant could lift and/or carry 50 pounds occasionally and 25 pounds frequently, could stand and/or walk at least six hours in an eight hour workday, and could sit for about six hours in an eight hour workday. (Tr. 18).

After consulting with a vocational expert, the ALJ concluded Claimant could perform his past relevant work as a truck driver, delivery driver, and refueler. (Tr. 22). Alternatively, he also found Claimant could perform the representative jobs of hand packer and laundry worker, both of which were found to exist in sufficient numbers in both the regional and national economies. Id. As a result, the ALJ found Claimant was not disabled from October 26, 2011 through the date of the decision. (Tr. 23).

Claimant's argument that the ALJ provided no limitations in the RFC is, quite frankly, short sighted. He refers to the RFC as being "corrupted", which suggests something was included in the RFC which

tainted its determination while arguing that the ALJ was required to find functional limitations beyond those contained in the RFC exertional levels of work, ranging from sedentary to very heavy. 20 C.F.R. § 404.1567; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). Nothing in the regulations or the case authority requires the ALJ to find any additional limitations based upon the step two severe impairments identified unless supported by the medical record. A reduced exertional level of work is in and of itself a limitation in the ability to engage in work to establish an RFC. 20 C.F.R. § 404.1545(a). In this case, the ALJ's reduction of Claimant's RFC exertional level to medium work represents a recognition of functional limitations.

Claimant contends the questioning of the vocational expert was again "corrupted" due to the failure to include further limitations in the RFC from which the hypothetical questions were formulated. Since the RFC was not erroneous, the questioning was not inappropriate since it accurately reflected the restrictions contained in the RFC.

Claimant identifies certain impairments which should have been included in the RFC as further functional restrictions. He asserts that he suffers from an "inability to bend his body well because he is obese." Claimant states it is difficult for him to squat, kneel, crouch, crawl, climb ramps and ladders, or stoop. He also contends

his sugar fluctuations associated with his diabetes causes "vision issues and fatigue." Claimant does not reference any medical record to support this litany of functional restrictions. No restrictions in his activities were noted in the medical records. (Tr. 325-26). Claimant's vision testing was normal. (Tr. 485). He did not testify to these functional limitations; instead, he testified that he walked two miles a day - sometimes making the walk twice per day. (Tr. 37). Claimant's counsel noted that his diabetes and hypertension conditions were under control. (Tr. 32). Consequently, no further physical restrictions in the RFC were warranted by the objective medical record.

### Consideration of Mental Impairments

Claimant contends the ALJ's finding that his depression did not constitute a severe impairment was erroneous. As an initial matter, where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also

severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"  Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

The evidence indicates the ALJ considered Claimant's alleged mental condition in arriving at the RFC. (Tr. 17-21). The omission of this condition as a severe impairment at step two is not reversible error.

Claimant further asserts the ALJ was inconsistent in finding only mild limitations in the broad categories of functioning - activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation - based upon the facts cited. Claimant misreads the ALJ's decision. The ALJ cited various restrictions in these categories as alleged by Claimant in his testimony but then found the medical record only supported mild limitations in these functions. (Tr. 17-18; 20-21). The ALJ considered Claimant's mental condition as a non-severe impairment but did not find it to be restrictive of his ability to engage in basic work activity. (Tr. 20).

**Step Four Analysis**

Claimant asserts the ALJ failed to properly engage in the appropriate analysis at step four. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has determined that the ALJ's RFC assessment was not erroneous.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The vocational expert testified as to the *Dictionary of Occupational Titles* classification of the jobs. (Tr. 41-42). The ALJ also inquired of Claimant as to the demands of her past employment. (Tr. 43). The ALJ satisfied his obligation at the second phase in ascertaining the requirements of Claimant's past jobs.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted Claimant's past relevant work. The vocational expert stated

Claimant could perform the past relevant work of call center customer service and tax preparer. (Tr. 43). Consequently, the ALJ fulfilled his obligation in the third phase. This Court finds no error in the ALJ's step four analysis. *See* Lately v. Colvin, 560 Fed.Appx. 751, 755 (10th Cir. 2014).

This Court also acknowledges that the ALJ stated alternative findings at step five and identified representative jobs Claimant could perform. These additional findings support a conclusion that Claimant was not disabled as defined by the regulations.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 26th day of July, 2017.

*[signature]*

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE